IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

PATRECIA A. POGUE,            )
                              )
       Plaintiff,             )
                              )
v.                            )   Case No. CIV-11-058-KEW
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social        )
Security Administration,      )
                              )
       Defendant.             )

**OPINION AND ORDER**

Plaintiff Patrecia A. Pogue (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 12, 1975 and was 34 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as an assistant manager, fast food cook, fast food worker, and daycare worker. Claimant alleges an inability to work beginning September 15, 2003 due to limitations resulting from problems with her back and nerves.

**Procedural History**

On February 2, 2007, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On March 19, 2009, an administrative hearing was held before ALJ Glenn A. Neel in McAlester, Oklahoma.  On October 22, 2009, the ALJ issued an unfavorable decision on Claimant's application.  On January 20, 2011, the Appeals Council denied review of the ALJ's decision.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with some limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) ignoring probative evidence related to Claimant's severely low weight; and (2) failing to properly consider whether Claimant's impairments were

medically equivalent to a listing. Claimant also contends the ALJ *de facto* reopened her prior application for benefits.

### Consideration of the Evidence and Listing 5.08

Claimant contends the ALJ failed to consider her low weight as a severe impairment or equivalent to a listing. In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the thoracic spine, degenerative disc disease of the lumbar spine with mild scoliosis, degenerative joint disease of both knees status post multiple knee surgeries, seizure disorder, depression, and anxiety/post traumatic stress disorder ("PTSD"). (Tr. 12). He found Claimant retained the RFC to perform sedentary work except that she could only occasionally climb stairs and ramps, should never climb ladders, ropes and/or scaffolds, could occasionally balance and stoop, could never kneel, crouch, or crawl, should have a sit/stand option, should avoid all hazards, could perform simple, routine tasks requiring superficial contact with co-workers and supervisors, and should not have contact with the general public. (Tr. 14). With the assistance of a vocational expert, the ALJ determined Claimant could perform the jobs of assembler, bench hand, and inspector. (Tr. 22).

Claimant's low weight problem was first noted in September of 2003 when she was found to be 65 inches tall and weigh 96 pounds.

(Tr. 289). On March 24, 2005, Claimant was diagnosed by Dr. Gregory Rogers with low weight and prescribed medication for weight gain. (Tr. 264). From April of 2005 through December of 2006, Claimant's weight fluctuated from a high of 115 pounds to a low of 91 pounds. (Tr. 244-52, 254-63).

Between January of 2007 and December of 2007, Claimant's weight varied from 100 pounds to 86.4 pounds. (Tr. 162, 210-13, 217-31, 236, 240). In a report dated December 12, 2008, Dr. Dennis Stagg diagnosed Claimant with anorexia, noting her weight at 82.6 pounds. (Tr. 276). Despite medication, Claimant's weight remained relatively low, ranging from 95.2 pounds to 90 pounds from January of 2009 through June of 2009. (Tr. 275, 367-70). The ALJ did not reference Claimant's low weight as a condition or impairment.

Claimant's argument regarding the ALJ's failure to consider evidence of her low weight is intertwined with her argument that the ALJ should have considered her condition equivalent to Listing 5.08 so they will be considered together. Typically, the diagnosis of this condition would not necessarily translate into an impairment absent evidence of limitation. Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988). Claimant testified that she was unable to engage in activities but she attributed this inability to her back and leg problems not her low weight or low energy or fatigue stemming from her low weight. Therefore, it has not been established Claimant's

low weight should have been included in Claimant's RFC.

However, the application of Listing 5.08 may come into play. Listing 5.08 requires a showing of

> Weight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations a least 60 days apart within a consecutive 6 month period.

Claimant's BMI has arguably met this criteria. The remaining question is whether the single diagnosis of anorexia should be considered a digestive disorder and whether Claimant's emotional problems may be considered in connection with the Listing. Since the ALJ did not address this condition or Listing 5.08 in his decision, the matter will be remanded to the ALJ for evaluation in the first instance on these questions. The ALJ shall provide any specific basis for rejecting the condition as an impairment and for finding Listing 5.08 to be inapplicable.

### *De Facto* Reopening

Claimant contends the ALJ reopened her prior application by discussing evidence encompassed by the prior application. It appears the ALJ did analyze and rely upon evidence from the prior adjudicated period and recognized Claimant's alleged onset date from the prior period. Moreover, Claimant's representative requested that the prior application be reopened and that the time limitations for doing so be waived due to her mental condition during the

reopening period. However, discussing evidence from the period encompassed by the prior application alone does not reopen an earlier claim. Hamlin v. Barnhart, 365 F.3d 1208, 1216 n.8 (110th Cir. 2004)(citations omitted). Since the ALJ did not do so in the first instance, the ALJ on remand shall first consider Claimant's request to reopen the prior application based upon her mental condition.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 29th day of March, 2012.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE